IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS M. SMITH,

Defendant.                              No. 11-cr-30013-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant Thomas M. Smith's "request to clerk" (Doc. 70), which the Court construes as a motion to reconsider an Order of District Judge Murphy, now retired, denying defendant Smith's motion for copies (Doc. 61). Defendant Smith renews his request for various documents, many of which are not in the Court's file. The Court has reviewed defendant Smith's motion and it finds no reason to disturb Judge Murphy's ruling.

As Judge Murphy informed defendant Smith, 28 U.S.C. § 753(f) allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file (i.e. his trial and appellate counsel) and that the documents requested are necessary to the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

In this instance, defendant Smith has not demonstrated any of the documents he seeks are necessary to a specific non-frivolous action. Should defendant Smith file a 28 U.S.C. § 2255 petition that survives threshold review, the Court will again consider defendant Smith's request. However, the Court notes, for defendant's Smith's own informational purposes, that certain documents he seeks do not exist in the Court's file. A sentencing transcript has never been ordered and prepared, defendant Smith pled guilty without a plea agreement, the Court does not store physical evidence, and the Court does not have an "FBI Wrap Sheet." The Court will not provide free copies of everything in its file without a showing of specific need for each specifically requested document as it is simply too costly.

Thus, the Court **DENIES** defendant Smith's "request to clerk," construed by the Court as a motion to reconsider Doc. 61 (Doc. 70).

**IT IS SO ORDERED.**

Signed this 19th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.19 10:57:05 -05'00'

**Chief Judge**
**United States District Court**