IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS M. SMITH,

Defendant.                                        No. 11-cr-30013-DRH

MEMORANDUM & ORDER

HERNDON, Chief Judge:

Pending before the Court is defendant Thomas M. Smith's "motion for injunction against bureau of prisons and its acting agent Warden Walton in execution of sentence in this case," filed in his criminal case (Doc. 75).

Defendant Smith states that Warden Walton, "has placed Smith in a Black-list called his IFRP 'Refusal Status' list, which is nothing but a ruse for Walton to punish Smith for practicing his rights under the First Amendment." Defendant Smith requests, "an injunction [against Warden Walton] from this Honorable Court to not interfer[e] in the financial fines which are ordered by the criminal judgment."

The Court first notes that once a district court enters final judgment in a criminal case it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). Defendant Smith has not cited a statute or rule which would allow the

Court to grant defendant's requested relief of an injunction filed in his criminal case.

Defendant Smith's motion contains reference to allegations of "retaliation," "Eighth Amendment," and "First Amendment," violations; terms that could be associated with a *Bivens* action.  However, the Court shall not recast defendant Smith's motion as a *Bivens* action because defendant Smith would face numerous obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104–134, 110 Stat. 1321 (effective April 26, 1996), *see generally* 28 U.S.C. § 1915, such as a substantial filing fee. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002).   Moreover, defendant Smith includes the term "execution of sentence," in the title of his motion; a concept generally associated with habeas actions under 28 U.S.C. § 2241. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  A § 2241 petition requires a $5.00 filing fee.

Thus, the Court shall not dissect the merits of defendant Smith's instant motion as he has not provided the Court with jurisdiction to do so in his criminal case. However, should defendant Smith seek to file either a civil *Bivens* action or § 2241 habeas petition arising from his alleged decision to abstain from participation in the Inmate Financial Responsibility Program (IFRP), the Court cautions defendant Smith that this Court generally does not have the authority to interfere with the BOP's discretion in its administration of the IFRP.  *See In Re: Buddhi*, 658 F.3d 740, 741-42 (7th Cir. 2011) (district court exceeded its authority by ordering deduction from prisoner trust account in excess of IFRP

payment plan installment); *see also McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1999) (BOP has discretion to increase prisoner's payment under IFRP and to penalize him for refusing to accept the increase).

Defendant Smith's "motion for injunction against bureau of prisons and its acting agent Warden Walton in execution of sentence in this case," is **DISMISSED** for lack of jurisdiction (Doc. 75).

**IT IS SO ORDERED.**

Signed this 7th day of July, 2014.

Digitally signed by
David R. Herndon
Date: 2014.07.07
22:59:26 -05'00'

**Chief Judge**
**United States District Court**