IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS M. SMITH,

Defendant.                                             No. 11-cr-30013-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

Pending before the Court is defendant Thomas M. Smith's "Jurisdictional Challenge to Criminal Indictment" (Doc. 80), which the Court construes as a motion to dismiss the indictment.

Generally, a motion challenging an indictment must be filed pre-trial, "but at any time while the case is pending, the court may hear a claim that the indictment ... fails to invoke the court's jurisdiction or to state an offense." FED.R.CRIM.P. 12(b)(3) In Smith's case, his pending motion to dismiss indictment comes over 4 years after his conviction, and over 1 year after the Seventh Circuit affirmed the denial of his motion under FED.R.CIV.P. 60(b). Thus, Smith's case was not "pending" within the meaning of Rule 12(b) when he filed the instant challenge to his criminal indictment, and, therefore, his motion shall be denied.

Furthermore, once a district court enters final judgment in a criminal case the court lacks jurisdiction to continue to hear related issues, except to the extent

authorized by statute or rule. See *Carlisle v. United States*, 517 U.S. 416 (1996). Defendant Smith fails to cite to any statute or rule providing the Court with jurisdiction in his criminal case. Therefore, Smith's "Jurisdictional Challenge to Criminal Indictment" is **DISMISSED** for lack of jurisdiction (Doc. 80).

**IT IS SO ORDERED.**

Signed this 25th day of November, 2015.

Digitally signed by
Judge David R. Herndon
Date: 2015.11.25
15:18:11 -06'00'

**United States District Judge**