IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                             Case No. 11-cr-30013-DRH

THOMAS M. SMITH,

                Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

On July 20, 2016, Defendant Thomas M. Smith filed with the Court a Transcript Information Sheet seeming to request all transcripts pertaining to his case (Doc. 93). The Court construes Smith's transcript information sheet as a *pro se* motion for transcripts. For the reasons discussed below, the motion is denied.

Defendant Thomas M. Smith pleaded guilty to one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), and the Court sentenced him to 90 months in prison on June 13, 2011. Judgment was entered three days later on June 16, 2011. Smith did not file a direct appeal of his conviction or sentence.[1] However, four years after judgment was entered against Smith, he filed a jurisdictional challenge to criminal indictment on November 23, 2015 (Doc. 80), which the Court dismissed for lack of jurisdiction on November 30, 2015 (Doc.

---

[1] Defendant filed a notice of appeal from the denial of his motion under FED. R. CIV. P. 60(b), which Judge Murphy construed as a § 2255 and denied. On appeal, the Seventh Circuit denied the request for a certificate of appealability.

82). Seven months later, on June 30, 2016, Smith filed a notice of appeal regarding the Court's dismissal for lack of jurisdiction of his jurisdictional challenge (Doc. 86). Following his appeal, on July 18, 2016, Smith filed the pending motion to obtain all transcripts from his criminal case spanning 2011 to 2016 (Doc. 91).

Once a district court enters final judgment (which in a criminal case is at the time of sentencing) it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. See, e.g., *Carlisle v. United States*, 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within seven days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for a new trial based on new evidence must be brought within three years after the verdict, and a Rule 33 motion for new trial based on other grounds must be brought within seven days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 has a one year statute of limitations.

Here, clearly Smith's motion does not fall within any of the above post-judgment motions. Not only that, the transcripts Smith requests have not been prepared in this case, because Smith did not appeal his conviction or sentence. Additionally, because he pleaded guilty to the charge against him, no trial was held, thus no trial transcript could be prepared.

When transcripts have not been prepared, a defendant has a right to have transcripts prepared at the Government's expense under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous actions. See 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. Maccollom*, 426 U.S. 317, 326 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

Further, § 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that documents requested are necessary for the preparation of some specific non-frivolous court action. See See *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013); *United States v. Wilkinson*, 618 F.2d 1215, 1218–19 (7th Cir.1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir.1977).

Here, Smith's motion clearly is insufficient. This case is closed, and Smith fails to demonstrate a need for the transcripts for a non-frivolous action, noting only that he wants "any/all if applicable [transcripts] from 2011-2016". Bald allegations that he needs the documents will not do. Furthermore, the transcripts are not part of the Court's file, meaning that the Court cannot provide them under § 753(b).

Therefore, upon review of the record, the Court finds that no supportable need exists for granting the motion for transcripts at this stage of the proceedings, particularly in light of the fact that the defendant did not take a direct appeal and his motion for transcripts was filed more than five years after his conviction and sentence. Accordingly, the motion is **DENIED** (Doc. 93).

**IT IS SO ORDERED.**

Signed this 1st day of August, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.08.01 16:57:30 -05'00'

**United States District Judge**