# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                                                                              Case No. 11-cr-30013-DRH

**THOMAS M. SMITH,**

        **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

        Now before the Court is Defendant Thomas M. Smith's petition for early termination of GPS monitoring (Doc. 108), to which both the government and United States Probation Office oppose. (Doc. 110). For the reasons discussed below, the motion is denied.

        Defendant Thomas M. Smith pleaded guilty to one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), and he was sentenced to 90 months in prison. (Doc. 53). Smith was released from the custody of the Bureau of Prisons on November 20, 2017, and placed on supervised release. On February 1, 2018, the Court granted probation's request to modify the conditions of Defendant's supervision by adding a location monitoring condition requiring an LM bracelet and restricting defendant to his residence from 8:00 PM to 6:00 AM every day for a period of six months. (Doc. 107). This condition was imposed due to defendant walking away from the mental health

crisis center, being homeless and not having stable housing, and the difficulty with establishing regular sex offender or mental health services for the defendant. (*Id*. at 2). Defendant signed a waiver agreeing to this modification on January 26, 2018. (*Id*. at 3).

Just over two months later, Smith filed the petition for early termination of GPS monitoring (Doc. 108). The Court directed the government to file a response to defendant's motion, with input from probation. (Doc. 109). In its response, the government notes that P.O. Kevin Rayman, who serves as defendant's probation officer, is opposed to having the LM equipment removed early for several reasons, and the government is in agreement with probation's position. P.O. Rayman stated that defendant has been discharged from his sex offender treatment program for noncompliance, has failed to attend mental health treatment and is generally uncooperative. Moreover, defendant is still considered to be homeless and is temporarily residing in a motel. Lastly, on February 4, 2018, defendant had an LM violation when he arrived at his motel at 8:27 PM, 27 minutes after curfew. Defendant alleged that his bus was stopped by a train, thereby causing an unexpected delay, but a review of his GPS positions did not support that story.

Therefore, given the government and probation's positions opposing defendant's request which the Court finds persuasive, in conjunction with defendant's continued homelessness, denial of his original offense and conviction, and refusal to cooperate with sex offender and mental health

treatment, the Court **DENIES** defendant's petition for early termination of GPS monitoring. (Doc. 108).

**IT IS SO ORDERED.**

Judge Herndon
2018.04.25
12:51:44 -05'00'

United States District Court